UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Giaimo & Associates
Attorneys for Creditor,
The Oaks at North Brunswick Condominium
Association, Inc.
97 E River Road
Rumson, New Jersey 07760
File No.: CL-1513

**Order Filed on May 11, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Nathalie Godet
Debtor.

Case No.:        15-31351-KCF

Hearing Date:        5/9/18

Judge:        Kathryn C. Ferguson

Chapter:        Chapter 13

Recommended Local Form:    ☒ Followed    ☐ Modified

# ORDER VACATING STAY

The relief set forth on the following page is hereby **ORDERED**.

**DATED: May 11, 2018**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

Upon the motion of The Oaks at North Brunswick Condominium Association, Inc., under Bankruptcy Code section 362(a) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the automatic stay is vacated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

☒  Real property more fully described as:

1213 North Oaks Boulevard, North Brunswick, NJ 08902

It is further ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

☒  Personal property more fully described as:

Any and all personal property available to Debtors in order to satisfy all monies due and owing to Creditor in connection with their ownership of the above-referenced property, including, but not limited to, future earnings, current monies on deposit, and rental income any real estate owned by debtors.

It is further ORDERED that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.

*rev. 7/12/16*